# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ANTWON CORDERREL POWELL,

              Plaintiff,

v.

CHAPLAIN KAREN KONRAD,

              Defendant.

Case No. 20-CV-951-JPS

**ORDER**

## 1. INTRODUCTION

This matter comes before the Court on Defendant Chaplain Karen Konrad's ("Defendant") motion for summary judgment, (Docket #59), and Plaintiff Antwon Corderrel Powell's ("Plaintiff") motion for reconsideration, (Docket #62). The Court will address each motion in turn.

## 2. BACKGROUND

### 2.1 Factual Background

Plaintiff asserts that he has been a follower of Islam for ten years and is a "firm believer in the Islamic ways and practices." (Docket #1 at 2). He had been incarcerated at Brown County Jail (the "Jail") for over two years. (*Id.*) Plaintiff complains that Defendant has prevented him from practicing his religion. (*Id.* at 3). According to Plaintiff, in 2019, Defendant prevented him from receiving bagged meals during Ramadan, a time when Muslims are to abstain from eating or drinking when the sun is up. (*Id.*) Specifically, it appears that the Jail removed Plaintiff from its Religious Diet Program (the "Program") based on a recommendation by Defendant, the Jail's chaplain. (Docket #49 at 2). Although he could buy food at the commissary, Plaintiff writes that he was unable to buy enough food to meet his

nutritional needs and thus he lost a lot of weight, felt nauseous, and suffered tremendous hunger pains. (Docket #1 at 3–5).

Plaintiff explains that he filed a grievance asking why he was unable to receive bagged meals to eat when the sun was down. (*Id.* at 3–4). Another prison official told Plaintiff that he had violated Rules 7 and 8 of the Program. (*Id.* at 3). Rule 7 informs prisoners that they are not permitted to make menu choices on a meal-to-meal basis, and Rule 8 informs prisoners that violation of the restrictions may result in removal from the Program. (Docket #1-1 at 1). In 2020, Plaintiff again requested to receive bagged meals during Ramadan. (Docket #1 at 3). The Jail denied his request, explaining that, because Plaintiff had been removed from the Program the previous year, he could not participate again during the same period of incarceration. (*Id.*) Defendant states that she recommended that Plaintiff be removed from the Program because he made several unapproved food purchases during Ramadan, including cocoa mix packets, a mayonnaise packet, and Cheetos. (Docket #49 at 4).

Defendant states that, in 2021, the Jail instated a "second chance" diet program, which allows an inmate to participate in the Program despite having been previously removed. (*Id.* at 5). Pursuant to the Jail's second chance program, Plaintiff was allowed to participate in Ramadan 2021. (*Id.* at 6). Plaintiff, however, refused the Ramadan meals, indicated that he never asked for them, and asked to be taken off the diet. (*Id.*)

### 2.2 Procedural Background

On November 16, 2021, the Court granted Defendant's motion for summary judgment as to Plaintiff's First Amendment claim. In short, the Court held that "Defendant ha[d] given the Court sufficient undisputed factual basis and law on which to find a legitimate penological interest for removing Plaintiff from the Program." (Docket #58 at 12). As to Plaintiff's other claim, which he brought under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), the Court directed the parties to brief whether Plaintiff's claim was moot. Defendant filed a motion briefing this issue; in the meantime, Plaintiff filed a motion asking the Court to reconsider its decision as to the First Amendment claim. (Docket #59, #62).

## 3. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### 3.1 Legal Standard

Federal Rule of Civil Procedure 56 provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Boss v. Castro*, 816 F.3d 910, 916 (7th Cir. 2016). A fact is "material" if it "might affect the outcome of the suit" under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* A court construes all facts and reasonable inferences in the light most favorable to the non-movant. *Bridge v. New Holland Logansport, Inc.*, 815 F.3d 356, 360 (7th Cir. 2016). In assessing the parties' proposed facts, a court must not weigh the evidence or determine witness credibility; the Seventh Circuit instructs that "we leave those tasks to factfinders." *Berry v. Chi. Transit Auth.*, 618 F.3d 688, 691 (7th Cir. 2010).

### 3.2 Analysis

RLUIPA prohibits prisons that receive federal funds from imposing a "substantial burden" on an inmate's religious exercise unless the government can demonstrate "that imposition of the burden on that person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a)(1)-(2). RLUIPA protects "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." *Id.* § 2000cc–5(7)(A). But "a prisoner's request for an accommodation must be sincerely based on a religious belief and not some other motivation." *Holt v. Hobbs*, 135 S. Ct. 853, 862 (2015) (citing *Burwell v. Hobby Lobby*, 573 U.S. 682, 717, n.28 (2014)). RLUIPA offers broader protections than the First Amendment. *Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012). It applies to state and local governments and to those acting under color of state law. *See* 42 U.S.C. § 2000cc–5(4).

Importantly, "[o]nly prospective relief is available under RLUIPA. A plaintiff may obtain an injunction or a declaration but not money damages." *Henderson v. Jess*, No. 18-CV-680-JDP, 2021 WL 1080269, at *5 (W.D. Wis. Mar. 19, 2021) (citing *Grayson*, 666 F.3d at 451). "So when a plaintiff's religious exercise is no longer burdened, such as when an inmate is released from prison, RLUIPA 'can no longer do him any good.'" *Brim v. Donovan*, No. 15-CV-658-JDP, 2017 WL 3972519, at *11 (W.D. Wis. Sept. 7, 2017) (citing *Grayson*, 666 F.3d at 541). "In other words, the claim is moot when the burden ends." *Id.*

Further, "a plaintiff seeking injunctive relief must show that, without the injunction, the alleged wrongful conduct could 'reasonably be expected to occur.'" *West v. Kind*, No. 17-CV-482-PP, 2020 WL 1139800, at *6 (E.D.

Wis. Mar. 9, 2020) (quoting *Moore v. Thieret*, 862 F.2d 148, 150 (7th Cir. 1988)). While the "voluntary cessation" of a challenged practice does not necessarily moot a case, a plaintiff may be entitled to prospective injunctive relief if "there exists some cognizable danger of recurrent violation, something more than the mere possibility." *Nelson v. Miller*, 570 F.3d 868, 882 (7th Cir. 2009) (citations and quotations omitted), *abrogated on other grounds by Jones v. Carter*, 915 F.3d 1147 (7th Cir. 2019). A theoretical possibility "supported only by speculation and not evidence" will not suffice. *Id.*

In explaining how courts must consider whether conduct can "reasonably" be expected to occur in the future, the Seventh Circuit has explained that,

> [t]he doctrine of mootness seeks to preserve the historic conception of the federal courts as agencies for the resolution of disputes on which something tangible—money, freedom, personal safety, etc.—something more than a desire, understandable as it is, for authoritative legal advice or resolution of difficult and important questions of law—turns. When something tangible depends on events in the future, the court must estimate the likelihood that those events will occur. If the likelihood is small (it is never zero), the case is moot.

*Moore*, 862 F.2d at 150; *see also Nelson*, 570 F.3d at 882 ("[A] court's power to grant injunctive relief only survives if such relief is actually needed.").

Last year, a case in the Western District of Wisconsin held that an inmate's RLUIPA claim was moot where the inmate had sued for injunctive relief to be allowed to purchase religious oil for prayer, and, subsequently, the jail allowed such purchase. The court reasoned,

> In 2013, [the inmate] requested that the religious property policy be changed to allow Christians to purchase oils already

> available to Muslims and Pagans for personal religious use, and to add the option of "an olive oil based 'anointing oil'" . . . . There is no dispute that inmates of all [relevant religious groups] have been able to purchase religious oil since 2016, and that olive oil was added as an option in August of 2020. Of course, the DOC could limit or revoke inmate access to religious oil or to a certain type of religious oil, at some time in the future, but a theoretical possibility supported only by speculation and not evidence will not suffice to compel relief.

*Greene v. Teslik*, No. 18-CV-116-WMC, 2021 WL 1820788, at *6 (W.D. Wis. May 6, 2021) (internal quotations and citations omitted); *see also Brim*, 2017 WL 3972519, at *11 (holding that a RLUIPA claim was moot where the claim centered on the jail's failure to place the plaintiff's name on the Ramadan meal list in 2015 but the plaintiff successfully participated in the jail's Ramadan program in 2016 and 2017).

In the present case, in 2021, the Jail instituted the "second chance" diet program, which allows an inmate to participate in the Program despite having been previously removed. On April 19, 2021, pursuant to the second chance program, Plaintiff was again allowed to participate in Ramadan 2021. However, about one week after being placed in the Program, Plaintiff asked to be removed from the Program and placed back on the general population diet.

Based on the caselaw above, Plaintiff's RLUIPA claim is moot for two reasons. First, injunctive relief is not needed to reinstate Plaintiff to the Program at the Jail—Plaintiff was allowed to participate in Ramadan 2021 pursuant to the second chance policy. Second, not only was Plaintiff allowed to participate in Ramadan 2021, but he himself requested to be removed from the Program and placed back on the general population diet. Nothing in the record nor the Program rules states that Plaintiff will not be

allowed to reapply to the Program for Ramadan 2022 (and Plaintiff's own actions indicate that he may chose not to reapply). Thus, given the Jail's second chance policy, coupled with Plaintiff's self-removal from the Program in 2021, the likelihood that the alleged wrongful conduct will occur in the future is small. Plaintiff's RLUIPA claim is moot, and the Court will dismiss it.[1]

## 4. PLAINTIFF'S MOTION FOR RECONSIDERATION

### 4.1 Legal Standard

Federal Rule of Civil Procedure 60(b) provides the "grounds for relief from a final judgment, order, or proceeding" as follows,

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

---

[1] Further, after Defendant submitted her motion for summary judgment, it appears that Plaintiff was transferred to a different institution. (Docket #63). This also moots Plaintiff's claim under RLUIPA. *See, e.g.*, *Bradford v. Kramer*, No. 15-CV-1405-MJR-SCW, 2017 WL 2373441, at *3 (S.D. Ill. Apr. 27, 2017), *report and recommendation adopted*, No. 15-CV-01405-JPG-SCW, 2017 WL 2361153 (S.D. Ill. May 31, 2017) ("Since [the plaintiff] has been transferred from the Alton Jail to a federal penitentiary to serve his sentence, there is no longer a live controversy regarding the continued video monitoring of Plaintiff in the jail.").

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

**4.2    Analysis**

Plaintiff asks the Court to reconsider its earlier-issued order granting summary judgment to Defendant on Plaintiff's First Amendment claim. (*See* Docket #47, #58). To begin, Plaintiff has not identified any manifest error, mistake, omission, or surprise, such that he is entitled to relief under Rule 60. Plaintiff's motion for reconsideration is based on his position that he never received information on what Rules 7 and 8 of the Program entailed, which, according to Plaintiff, was a "due process" violation. However, Plaintiff ignores the *undisputed* facts of this case that were laid out in Defendant's motion for summary judgment. In her motion, Defendant presented evidence showing that Plaintiff was aware of Rules 7 and 8 before he was removed from the diet program for being in violation of them and was given a response to his grievances with information regarding Rules 7 and 8 as an explanation for why he was removed from the program. (Docket #49, ¶¶ 9–16, 18). The grievance response also provided Plaintiff with the full language from Rules 7 and 8. (*Id.* ¶ 24).

Plaintiff also writes that because he did not have an opportunity to conduct fair and full discovery—including receiving copies of Rules 7 and 8—he was not able to respond to Defendant's motion for summary judgment. But, even assuming Plaintiff did not have access to the Program's rules prior to this suit, Defendant's motion provided Plaintiff with the language of the rules. (*See id.* ¶¶ 9–16, 18). Plaintiff does not allege any error—of law or fact—that prompts the Court to change its ruling. Accordingly, the Court will deny Plaintiff's motion.

5.  **CONCLUSION**

For the reasons explained above, the Court will grant Defendant's motion for summary judgment as to Plaintiff's RLUIPA claim, (Docket #59), and deny Plaintiff's motion for reconsideration, (Docket #62). Given that Defendant has won her summary judgment motions on both of Plaintiff's claims, the Court will dismiss this action with prejudice.

Accordingly,

**IT IS ORDERED** that Defendant's motion for summary judgment as to Plaintiff's RLUIPA claim (Docket #59) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for reconsideration (Docket #62) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 28th day of January, 2022.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge